19297. BRAY *v.* McKENZIE.

Decided March 5, 1929.

*Berry T. Moseley,* for plaintiff in error.
*Clarence E. Adams,* contra.

Luke, J. R. E. McKenzie brought an action on a paper termed by him a "mortgage-note" against Sol. B. Bray, for $339.38 principal, besides interest and ten per cent. attorney's fees. Petitioner prayed, (1) for "a judgment against defendant for the amount due on said note;" and (2) for a lien against "the crops referred to in said note, and described in the petition." The verdict was that McKenzie recover of Bray $312.57 principal, with $43.48, interest to date of verdict; and that plaintiff have "a mortgage lien to the amount of said sums against the following property, to wit: 2500 pounds of lint cotton, 120 bushels of cottonseed, 25 bushels of corn, and 300 bundles of fodder."

By exceptions pendente lite the plaintiff in error questions the correctness of the court's judgment overruling his demurrers to paragraph 5 of the petition. He excepts also to the overruling of his motion for a new trial based solely upon the usual general grounds.

Paragraph 5 of the petition is as follows: "Petitioner further shows that said note, while made out on a form for executing landlords' liens, nevertheless shows on its face that the relation of landlord and tenant does not exist by reason of the statement that the said defendant Bray is a tenant of himself, and not that of R. E. McKenzie; and petitioner alleges that said paper is in effect a mortgage for supplies to make a crop." The defendant demurred specially to this paragraph of the petition, and asked that it be stricken, (1) because the paper declared upon showed on its face that if the plaintiff had any lien, it was a landlord's lien for supplies, and not a mortgage lien; and (2) because, even if the paper set out a mortgage lien, the same was not sufficiently pleaded to be foreclosed as a mortgage.

The paper declared upon is substantially as follows: "On or before the first day of October, 1926, I promise to pay R. E. McKenzie landlord, or order, four hundred twenty & no/100 dollars for provisions furnished by him to make my crops the present year on the premises occupied by me as tenant of said Sol B. Bray, in Madison County, Georgia." "In consideration of the advances for which the above note is given, I hereby give to said R. E. McKenzie, or order, a lien on my entire crops to be grown the present year, as provided for by the act of the General Assembly of Georgia, approved February 25, 1875, and on my stock of all kinds consisting of . . . ." "It is hereby agreed and fully understood that this landlord's lien is to cover any debt that I already owe or may hereafter make with the said R. E. McKenzie, and agree that said lien may be enforced as a lien or mortgage at the option of the holder. I hereby covenant that I will not otherwise encumber said crops and stock by lien or mortgage, and there is no previous mortgage on same. And further contract and especially agree as a part of the consideration upon which said advance is made, that the first cotton, corn, or other produce I get ready or have for market is to be tendered, or a sufficiency thereof, to the holder of this obligation, in settlement of same at market price for such produce.

. . ." The paper is signed by Sol B. Bray, and witnessed by a notary public.

The paper under consideration is so contradictory and uncertain that it is well nigh impossible to say from the writing itself what was the intention of the parties, or what the paper really is. Considering the paper alone, it would appear more reasonable to conclude that it is not a mortgage. The first paragraph refers to R. E. McKenzie as landlord. The third paragraph gives a lien "as provided by the act . . approved February 25, 1875" (Ga. L. 1875, p. 20), which applies only to liens of landlords. In the next paragraph "it is hereby agreed . . that this landlord's lien," etc. True, Bray locates the place as the premises occupied by him "as tenant of said Sol B. Bray." It would appear more reasonable to suppose that Bray's reference to himself as his own tenant was a mistake than to conclude that such an awkward and nonsensical expression should be employed to indicate that he was not the tenant of McKenzie, as is directly indicated by other parts of the paper. In short, our conclusion is that the paper of itself is too uncertain and contradictory to show that the parties intended that it should be a mortgage.

Bray admitted in his answer the execution of the paper declared upon, and that the plaintiff was the legal holder thereof, but claimed certain credits. The jury apparently allowed the credits, and something besides, and in the light of the contradictory evidence of the parties to the case, we can not say that the general verdict was not supported by the evidence.

We hold that the court erred in overruling the demurrer, as indicated above, but see no occasion for granting a new trial for that reason. We hold that the evidence sustains the general verdict for the plaintiff in the court below, and affirm the judgment of that court, provided that the portion of the judgment which gives the plaintiff a mortgage lien on the produce referred to therein be stricken from the judgment at the time the remittitur of this court is made the judgment of the trial court; otherwise the judgment is reversed. All costs of the writ of error are taxed against the defendant in error.

*Judgment affirmed on condition. Broyles, C. J., and Bloodworth, J., concur.*